LAW OFFICES OF MICHAEL A. SCAFIDDI
MICHAEL A. SCAFIDDI, ESQ. (SBN: 188567)
GARY HARRISON, ESQ. (SBN: 158421)
432 North Arrowhead Avenue
San Bernardino, CA 92401
Telephone: (909) 381-1000
Facsimile: (909) 381-1077

Attorneys for Creditor Gregory Daly

FILED
OCT 23 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

In re:
ALMA DELIA NUNEZ
Debtor,

GREGORY DALY,
Plaintiff,

vs.

ALMA DELIA NUNEZ,
Defendant.

) ADVERSARY CASE NO:
) CHAP. 7 CASE NO. 6:12-bk-31684-MH
) OBJECTION TO DISCHARGE AND ADVERSARY
) COMPLAINT OBJECTING TO DISCHARGE
) [11 U.S.C. § 523(a)(6)]
)
)
)
) United States Bankruptcy Court-Central Dist.
) 3420 Twelfth Street,
) Riverside, California 92501-3819
) The Honorable Judge Mark D. Houle
) **JURY TRIAL DEMANDED**
)
)
)

Plaintiff GREGORY DALY alleges as follows:

**GENERAL ALLEGATIONS**

1.   The Bankruptcy Court has jurisdiction over this adversary

Adversary Complaint

proceeding pursuant to applicable federal and state law including, but not limited to, 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding objecting to the discharge of the defendant pursuant to Fed.R.Bankr.P. 4004(d) and 7001(4).

2. The claims set forth in this complaint arise under, arise in and are related to the chapter 7 case of this debtor, Alma Delia Nunez, Case number, which was dismissed, but is subject to Plaintiff's Motion to Reopen currently pending in the United States Bankruptcy Court for the Central District of California, Riverside Division (hereinafter referred to as "Bankruptcy Case").

3. This adversary proceeding is a core proceeding pursuant to 28 United States Code § 157(b) including but not limited to 28 United States Code § 157(b)(2)(A)(B) and (O). This adversary proceeding is commenced pursuant to rule 7001 of the Federal Rules of the Bankruptcy Procedure including, but not limited to, Rule 7001(2) and 7001(9).

4. Venue is proper in this court pursuant to 28 United States Code section 1409.

5. Plaintiff Gregory Daly, (hereinafter referred to at times as "Plaintiff") is an individual residing in the state of California.

6. Defendant Alma Delia Nunez ("Defendant") is an individual residing the city of Rancho Cucamonga, County of San Bernardino, in the state

**Adversary Complaint**

of California.

7. The Debtor commenced the Bankruptcy Case on September 20, 2012 by causing a Petition pursuant to Chapter 7 of Title 11 of the United States Code to be filed.

8. The Bankruptcy Case was dismissed on December 31, 2012. A concurrent Motion to Reopen the Bankruptcy to determine if this debt is dischargeable has been filed, since the creditor was not listed as a creditor in the underlying bankruptcy and only recently learned the operative facts of the Bankruptcy when it sought to enforce its state court judgment.

9. Plaintiff was not a creditor named in the Bankruptcy and did not receive any notices relating to the Bankruptcy during its pendency. Absent notice during the pendency of the Bankruptcy, the Plaintiff was not able to object to the dischargeable character of this debt.

10. Defendant was at all times relevant to this Compliant, the title joint owner of the real property located at 5319 Hacienda Court, Rancho Cucamonga, California 91739 (hereinafter referred to as the "RESIDENCE") and, as owner was required to maintain home owners insurance on the residence.

11. Plaintiff alleges on information and belief that it is the custom and practice of mortgage holders that in the event a home owner with a mortgage on

their real property has a lapse of homeowner's insurance coverage, the lender is notified of the lapse of insurance coverage.

12. Plaintiff alleges on information and belief that in the event a homeowner with a mortgage on real property has a lapse of coverage, the lender will obtain a homeowner's insurance policy for the homeowner and will add the amount of the policy to the loan obligation.

13. Plaintiff alleges that at all times relevant hereto, there was in full force and effect, a homeowners insurance policy that insured the homeowner against injuries to third parties occurring on the real property which would provide funds to pay the damages suffered by the plaintiff as more fully described below.

14. A lawsuit was filed in the Superior Court of California, County of San Bernardino, case number CIVRS 1201586 captioned Gregory Daly vs. Adrian Nunez, Alma, Nunez and Guillermo Nunez (hereinafter referred to at times as the "State Court case"). The state court case alleged two (2) causes of action. The first cause of action was for strict liability pursuant to California Civil Code section 3342. The second cause of action was for Negligence.

12. In the State Court case a default Judgment was entered on July 11, 2012 in favor of Plaintiff Daly and against Alma Nunez, Candido Nunez and

Adversary Complaint

Adrian Nunez jointly and severally, in the amount of $42,446.67.

13.    Candido Nunez ("Candido") is the spouse of Alma Nunez and was not a party to the Bankruptcy filing herein

14.    Adrian Nunez ("Adrian") is the son of Alma Nunez and Candido Nunez and was not a party to the Bankruptcy filing herein.

15.    At all times herein mentioned, Defendant and Adrian was the owner of two Pit Bulls, Capone and Karma.

16.    Defendant allowed the Pit Bulls, Capone and Karma, to live at the RESIDENCE with Alma, Candido and Adrian.

17.    Prior to the incident involving Plaintiff GREGORY DALY, the Pit Bulls, Capone and Karma had viciously attacked, and/or bit another person or other persons without provocation.

18.    At all times relevant, based on the dogs' prior attacks, Alma knew that the dogs had a dangerous propensity to attack and bite individuals without provocation.

19.    It is further alleged that despite said knowledge, Defendant allowed the dogs to live at the RESIDENCE.

20.    It is further alleged that the dogs' violent propensities to attack and bite individuals, posed a menace and significant threat to the general public.

**Adversary Complaint**

21. At approximately 5:00 p.m., on or about February 10, 2011, Plaintiff GREGORY DALY returned home from work and found that Pit Bulls, Capone and Karma, had broken through the wooden fence that separated his back yard from that of Defendants' RESIDENCE and were attacking his Labrador Retriever, Beemer.

22. Plaintiff DALY, wanting to rescue his dog from the Pit Bull attack, went outside to help his dog.

23. When he got outside, Plaintiff DALY scooped his dog, Beemer, into his arms. Capone and Karma, who had latched themselves onto Beemer's ears, were picked up from the ground, as well, by Plaintiff's action.

24. As Plaintiff DALY struggled to release the Pit Bulls' grasp on his dog, one of them released it's grip on the Labrador. As this occurred, Plaintiff DALY tripped over the dog and fell to the ground.

25. At this point, Plaintiff DALY was on the ground and wrestling with both Pit Bulls to prevent the attack on his Labrador Retriever, Beemer. During the struggle, one of the Pit Bulls bit and latched onto to Plaintiff DALY's right forearm and refused to release it's grasp.

26. A few minutes later, Plaintiff DALY struggled to get to his feet and threw his dog, Beemer, inside his house.

Adversary Complaint

27. With Beemer inside Plaintiff's house, the Pit Bull released it's grip on Plaintiff allowing Plaintiff to then flee inside to the safety of his residence.

28. Prior to the incident involving Plaintiff GREGORY DALY, the Pit Bulls, Capone and Karma had viciously attacked, and/or bit other dogs, individual persons, or animals without provocation. Accordingly, the dogs had a dangerous propensity to attack and bite individuals without provocation.

29. The State Court Complaint alleged in paragraph 12 that: "[A]t all times herein mentioned, Defendants and each of them, were aware of the dogs prior vicious attacks on a number of individuals, without provocation, prior to the incident involving Plaintiff GREGORY DALY. and were thereby aware, and/or had knowledge of the dogs' dangerous propensities."

30. The State Court Complaint alleged in paragraph 13 that "[I]t is further alleged that despite said knowledge, Defendants and each of them, allowed the dogs to live at the RESIDENCE with the consent and knowledge of one another."

31. At all times herein mentioned, Defendant negligently, carelessly, recklessly, permissibly, intentionally, maliciously and/or unlawfully allowed her Pit Bulls, Capone and Karma, to break and/or climb through the wooden fence that separated their yard from Plaintiff's, thereby breaching her

1  duty of care.

2      32.   Due to Defendants negligent, careless, reckless, permissible, intentional, malicious, and/or unlawful actions, Plaintiff DALY was attacked and bitten in the manner described herein, without provocation, by the Pit Bulls, Capone and Karma, while he was in his own back yard.

    33.   At all times herein mentioned, the negligent, careless, reckless, permissible, intentional, malicious, and/or unlawful actions, was in fact, the legal cause of Plaintiff's injuries.

    34.   At all times herein mentioned, Defendant knew of the Pit Bulls' dangerous propensities. Defendant is liable for the damages suffered by Plaintiff caused by a dog living in her home.

    35.   Plaintiff further alleges that Defendant as homeowner of the RESIDENCE were placed on notice of the Pit Bulls violent nature and dangerous propensities and had a duty as homeowners to warn third parties of and prevent third parties from being harmed from the violent nature and dangerous propensities of the Pit Bulls and due to the Defendant's choice of keeping the dangerous dogs, Defendant acted in a willful, careless, reckless, permissible, intentional, and malicious manner.

    36.   At all times herein mentioned, Defendant breached her duty to third

**Adversary Complaint**

parties by failing to warn third parties from being harmed from the violent nature and dangerous propensities of the Pit Bulls and due to the Defendant's choice of keeping the dangerous dogs, Defendant acted in a willful, careless, reckless, permissible, intentional, and malicious manner.

37. As a direct and legal result of being attacked and bitten by Pit Bulls, Capone and Karma, Plaintiff DALY suffered, and will continue to suffer, severe and extreme physical pain and suffering and emotional distress, all to Plaintiff's general damage, in a sum to be determined according to proof at the time of trial.

38. As a further direct and legal result of being attacked and bitten by Pit Bulls, Capone and Karma, Plaintiff has incurred, and will continue to incur in the future, reasonable and necessary medical expenses, for himself and his dog, Beemer, all to Plaintiff's special damage in a sum to be determined according to proof at time of trial.

## FIRST CAUSE OF ACTION

(Wilful and Malicious Injury Not Dischargeable 11 U.S.C. § 523(a)(6))

39. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 38 inclusive, as though fully set forth and alleged herein.

40. At all times herein mentioned, Plaintiff was attacked and bitten by

Adversary Complaint

Pit Bulls owned by Defendants, and each of them, while Plaintiff was lawfully in a private place, to wit, in the backyard of his own residence.

41. California Civil Code section 3342 imposes strict liability on dog owners.

42. At all times relevant hereto, the defendant was a dog owner who wrongfully kept two (2) dogs, well knowing those dogs to be of a ferocious and mischievous disposition and accustomed to attack and bite mankind and intentionally, wilfully and recklessly kept these dogs knowing they were dangerous to other persons and property.

43. The defendant's failure to control her dogs when she knew or should have known of the dangerous propensities of each of her dogs based on the dogs' and each of their, prior attacks on human beings, other dogs and other animals, was a wilful and malicious act that caused a injury to Plaintiff within the meaning of 11 U.S.C. section 523(a)(6).

SECOND CAUSE OF ACTION

[Insurance Benefits Not Dischargeable]

44. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 43 inclusive, as though fully set forth and alleged herein.

Adversary Complaint

45. At all times relevant hereto, as a homeowner with a mortgage on the real property, Defendant held a policy of Homeowner's Insurance as a condition of the mortgage to protect the lender in the event of loss.

46. If this policy lapsed at any time relevant hereto, the lender had the right to obtain Homeowner's Insurance on behalf of the Homeowner.

47. Since this debt was not listed in the underlying Bankruptcy Petition, the Plaintiff herein did not have an opportunity to participate in the Bankruptcy to conduct discovery to determine the policy in place at the time of real property purchase, the expiration of that policy, if it expired, and the date of the procurement of a replacement policy by the lender and the identity of the insurer under either the original policy if it never lapsed, or the replacement policy, and the policy now in effect, its effective date and which policy the one in effect now replaced.

48. If there is a policy of insurance for the homeowner providing coverage that was in effect at the time of the incident, the Plaintiff has the right to pursue reimbursement under that policy regardless of whether the Defendant's actions in harboring known vicious dogs are wilful and malicious under 11 U.S.C. 523(a)(6).

WHEREFORE, as to first cause of action herein, plaintiff demands

**Adversary Complaint**

judgment and requests that the court:

1. Deny discharge of the damages resulting from the dog bite and allow the extant state court judgment to be collected from Defendant in the amount of $50,000.00 or according to proof;

2. For such other relief as the court may deem proper and just.

As to the second cause of action:

3. Limit discharge to any amount in excess of homeowner's insurance coverage that is available to the debtor and allow Plaintiff to recover any available benefits up to the policy limits not to exceed the general and special damages proven at trial;

As to all causes of action:

4. For costs incurred herein; and

5. For and for any other relief as the court may deem proper and just.

Dated: October 9, 2015

_____
GARY HARRISON, ESQ.
MICHAEL A. SCAFIDDI, ESQ.
Law Offices of Michael A. Scafiddi, Inc.
401 Arrowhead Ave.
San Bernardino, CA 92401
(909) 381-1000
Michael@scafiddilaw.com
Gharrisonsxb@gmail.com

**Adversary Complaint**

FORM B104 (08/07)                                                                   2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Gregory Daly | **DEFENDANTS**<br>Alma Nunez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Michael Scafiddi, Esq., 432 North Arrowhead Ave.<br>San Bernardino, CA 92401 | **ATTORNEYS** (If Known)<br>None |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to discharge of a state court Judgment for an injury for dog bite by debtor's a dog, known to be dangerous and malicious on the basis harboring a dangerous dog is willful and malicious within the meaning of 11 U.S.C. 523(a). Core proceeding per 28 United States Code § 157(b), venue per 28 United States Code § 1409, FRCP 7001 et seq., Fed.R.Bankr.P. 4004(d) and 7001(4).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 50,000.00 |

**Other Relief Sought**
Identify and assign all homeowner's insurance benefits that could be applied to the damages caused by debtor's dogs.

FORM B104 (08/07), page 2                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| **NAME OF DEBTOR**<br>Alma Nunez | **BANKRUPTCY CASE NO.**<br>6:12-bk-31684-M |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central - Riverside, California | **DIVISIONAL OFFICE**     **NAME OF JUDGE**<br>Honorable Mark Houle |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Gary Harrison*

| **DATE**<br>10/9/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>GARY HARRISON, ESQ. |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.